IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-78,954-02




EX PARTE KEVIN MICHAEL SHEA, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 31,368-B
                         IN THE 66TH DISTRICT COURT FROM HILL COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
indecency with a child and sentenced to ninety-nine years’ imprisonment. The Tenth Court of
Appeals affirmed the conviction. Shea v. State, 167 S.W.3d 98 (Tex.App.—Waco 2005).
            Applicant contends, among other things, that perjured testimony was used to convict him
based on the recantation of the complainant. We believe that in recantation cases such as this
one, before we make the important decision of whether Applicant is entitled to relief, the record
should be more fully developed. The trial court shall therefore conduct a live evidentiary hearing
on the matter at which the complainant shall be called to testify. Notice of the hearing and an
opportunity to testify shall be given to those persons who participated in the trial or the
investigation. 
            The trial court shall make findings as to the credibility of the complaining witness’
recantation. The court shall make further findings of fact regarding the circumstances
surrounding the complainant’s recantation, including the delay between the trial and the
recantation. The trial court shall make findings as to whether Applicant could have presented the
information contained in the recanting witness’ affidavit at the time of the filing of his prior
habeas application. The trial court shall enter findings of fact as to the credibility of each witness
and as to whether Applicant is entitled to relief. 
            It appears that Applicant is not represented by habeas counsel. The trial court, within 30
days of the date of this order, shall determine whether Applicant is indigent. If Applicant is
indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the evidentiary hearing. Tex. Code Crim. Proc. art. 26.04. 
            This application will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. A supplemental transcript containing
the transcription of the court reporter’s notes from the live evidentiary hearing and a copy of the
exhibits admitted, along with the trial court’s findings of fact and conclusions of law and a copy
of the trial record, including the clerk’s record and a transcription of the reporter’s record of the
trial, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of
time shall be obtained from this Court.
 
Delivered: November 27, 2013
Do not publish